```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                  SOUTHERN DIVISION
```

| | |
|---|---|
| ELOUISE BEASLEY, et al., | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | )  CIVIL ACTION 08-0130-WS-C |
| | ) |
| FRED'S INC., | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

The defendant has removed this action on the basis of diversity of citizenship. Although the plaintiff has not filed a motion to remand, federal courts are of limited jurisdiction, and this Court has an independent and continuing obligation to confirm its subject matter jurisdiction, even when the parties do not question its existence. *University of South Alabama v. American Tobacco Co.*, 168 F.3d 409, 411 (11th Cir. 1999); *accord Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

The complaint alleges that the lead plaintiff,[1] while a business invitee on the defendant's premises, fell and injured her back and both knees. Her damages are described as: (1) medical bills, including for surgery on her left knee; (2) pain and suffering; and (3) mental anguish. These damages are all expressed in the past tense. She seeks these damages, plus punitive damages, but the complaint does not identify a dollar sum demanded. (Doc. 1, Appendix A).

"[W]e hold that where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $[75],000 jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds*, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

---

[1] Her husband's claim is limited to loss of consortium.

Because the plaintiff has made an unspecified demand for damages, the *Tapscott* standard applies here.  Under *Tapscott,* the defendant must show that, if the plaintiff prevails on liability, she will more likely than not be awarded over $75,000.[2]

"When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.  If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed."  *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

The amount in controversy is not apparent from the face of the complaint, because there is no way to determine from the complaint whether the plaintiff has been injured so badly as to make an award of over $75,000 more likely than not.  *Cf. Williams,* 269 F.3d at 1318, 1320 (allegations that the plaintiff tripped over a curb and suffered permanent physical and mental injuries, that she incurred substantial medical expenses, that she suffered lost wages, that she experienced a diminished earning capacity, and that she would continue to suffer these damages in the future, along with a demand for both compensatory and punitive damages, did not render it facially apparent that the amount in controversy exceeded $75,000).

The Court thus turns to the notice of removal, which states only that there is no fixed standard for the award of damages for mental anguish and pain and suffering such

---

[2] *E.g., Hitch v. Laws*, 2000 WL 1005888 at *2 (S.D. Ala. 2000)("Defendants can discharge the burden 'by presenting sufficient evidence that a verdict rendered in favor of [plaintiffs] would exceed $75,000.'") (quoting *Holman v. Montage Group*, 79 F. Supp. 2d 1328, 1330 (S.D. Ala. 1999); *accord Lowe's OK'd Used Cars, Inc. v. Acceptance Insurance Co.*, 995 F. Supp. 1388, 1393 (M.D. Ala. 1998)("In a diversity action where the plaintiff has not made a specific request for damages, the ultimate question the court addresses is whether a defendant has established by a preponderance of the evidence that should the plaintiff prevail on a particular claim, the plaintiff, more likely than not, will recover in excess of the federal jurisdictional prerequisite.").

that, should the plaintiff prevail on liability, the jury "could reasonably return" a verdict in excess of $75,000. (Doc. 1 at 4-6). On its face, the notice of removal does not allege the requisite probability of a verdict in excess of $75,000.

Moreover, "[a] conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams*, 269 F.3d at 1319-20. "[U]nsupported assumptions" are likewise "inadequate." *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002). The standard for removal is preponderance of the evidence and, when the removing defendant relies only on representations without presenting evidence, it cannot meet its burden of supporting removal. *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1210-1211 (11th Cir. 2007).

Accordingly, the Court proceeds to the third step of the *Williams* analysis. The defendant is **ordered** to file and serve, on or before **March 21, 2008**, any evidence and additional briefing relevant to the amount in controversy at the time the case was removed. Failure to do so will necessarily result in a finding that the defendant has not carried its burden of establishing the amount in controversy by a preponderance of the evidence. The plaintiff is **ordered** to file and serve any response on or before **March 28, 2008**.[3] The Court will take the issue of its subject matter jurisdiction under submission on **March 28, 2008**.[4]

DONE and ORDERED this 7th day of March, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[3] Although it appears that the parties agree they are of diverse citizenship, the briefing should clarify their positions on this jurisdictional issue.

[4] The defendant seeks leave to conduct jurisdictional discovery in order to establish the amount in controversy. (Doc. 1 at 7-8). Such discovery is impermissible. *Lowery*, 483 F.3d at 1215-18.