**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **ELOUISE BEASLEY, et al.,** | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| **v.** | )    **CIVIL ACTION 08-0130-WS-C** |
| | ) |
| **FRED'S INC.,** | ) |
| | ) |
|     **Defendant.** | ) |

**ORDER**

The defendant has removed this action on the basis of diversity of citizenship. Although the plaintiffs have not filed a motion to remand, federal courts are of limited jurisdiction, and this Court has an independent and continuing obligation to confirm its subject matter jurisdiction, even when the parties do not question its existence. *University of South Alabama v. American Tobacco Co.*, 168 F.3d 409, 411 (11th Cir. 1999); *accord Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

The complaint alleges that the lead plaintiff,[1] while a business invitee on the defendant's premises, fell and injured her back and both knees. Her damages are described as: (1) medical bills, including for surgery on her left knee; (2) pain and suffering; and (3) mental anguish. These damages are all expressed in the past tense. She seeks these damages, plus punitive damages, but the complaint does not identify a dollar sum demanded. (Doc. 1, Appendix A).

---

[1]Her husband's claim is limited to loss of consortium. The defendant has not supported its suggestion, (Doc. 5 at 4), that his damages may be added to hers in order to reach the jurisdictional threshold of $75,000. *See Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 974 (11th Cir. 2002) ("We do not aggregate the value of multiple plaintiffs' claims to satisfy the amount in controversy requirement simply because they are joined in a single lawsuit" but only when the plaintiffs "unite to enforce a single claim or right, in which they have a common and undivided interest" ) (internal quotes omitted). At any rate, the defendant's failure to quantify his damages would render aggregation pointless.

"[W]e hold that where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $[75],000 jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds*, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). Because the plaintiff has made an unspecified demand for damages, the *Tapscott* standard applies here. Under *Tapscott,* the defendant must show that, if the plaintiff prevails on liability, she will more likely than not be awarded over $75,000.[2]

"When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

The amount in controversy is not apparent from the face of the complaint, because there is no way to determine from the complaint whether the plaintiff has been injured so badly as to make an award of over $75,000 more likely than not. *Cf. Williams,* 269 F.3d at 1318, 1320 (allegations that the plaintiff tripped over a curb and suffered permanent physical and mental injuries, that she incurred substantial medical expenses, that she suffered lost wages, that she experienced a diminished earning capacity, and that she

---

[2] *E.g., Hitch v. Laws*, 2000 WL 1005888 at *2 (S.D. Ala. 2000)("Defendants can discharge the burden 'by presenting sufficient evidence that a verdict rendered in favor of [plaintiffs] would exceed $75,000.'") (quoting *Holman v. Montage Group*, 79 F. Supp. 2d 1328, 1330 (S.D. Ala. 1999); *accord Lowe's OK'd Used Cars, Inc. v. Acceptance Insurance Co.*, 995 F. Supp. 1388, 1393 (M.D. Ala. 1998)("In a diversity action where the plaintiff has not made a specific request for damages, the ultimate question the court addresses is whether a defendant has established by a preponderance of the evidence that should the plaintiff prevail on a particular claim, the plaintiff, more likely than not, will recover in excess of the federal jurisdictional prerequisite.").

would continue to suffer these damages in the future, along with a demand for both compensatory and punitive damages, did not render it facially apparent that the amount in controversy exceeded $75,000).

The Court thus turns to the notice of removal, which states only that there is no fixed standard for the award of damages for mental anguish and pain and suffering such that, should the plaintiff prevail on liability, the jury "could reasonably return" a verdict in excess of $75,000.  (Doc. 1 at 4-6).  On its face, the notice of removal does not allege the requisite probability of a verdict in excess of $75,000.

Moreover, "[a] conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden."  *Williams*, 269 F.3d at 1319-20.  "[U]nsupported assumptions" are likewise "inadequate."  *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002).  The standard for removal is preponderance of the evidence and, when the removing defendant relies only on representations without presenting evidence, it cannot meet its burden of supporting removal.  *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1210-1211 (11th Cir. 2007).

Based on the foregoing, the Court offered the defendant an opportunity to satisfy the third step of the *Williams* analysis.  (Doc. 3).  In response, the defendant cites eleven Alabama cases in which the jury awarded over $75,000 for personal injuries suffered on commercial property.  (Doc. 5).  This effort is inadequate as a matter of law.  *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1220-1221 (11th Cir. 2007) (the value of other tort claims could not be considered because it was not received from the plaintiffs and, at any rate, "we question whether such general evidence is ever of much use in establishing the value of claims in any one particular suit."); *Federated Mutual Insurance Co. v. McKinnon Motors LLC,* 329 F.3d 805, 809 (11th Cir. 2003) ("[M]ere citation to what has happened in the past does nothing to overcome the indeterminate and speculative nature

of [the defendant's] assertion" that the amount in controversy exceeded $75,000).[3]

       The defendant has recently filed a notice of service of discovery requests.  (Doc. 7).  As the Court previously notified the defendant, (Doc. 3 at 3 n.4), post-removal discovery in order to establish the amount in controversy is impermissible.  *Lowery*, 483 F.3d at 1215-18.  Nor is discovery authorized prior to the meeting of parties.  Local Rule 26.1(c).

       The defendant, which bears the burden of establishing the amount in controversy by a preponderance of the evidence, has failed to do so.  Accordingly, this action is **remanded** to the Circuit Court of Monroe County.

       DONE and ORDERED this 31st day of March, 2008.

                                     s/ WILLIAM H. STEELE
                                     UNITED STATES DISTRICT JUDGE

---

[3]At least some of the reasons for this judicial skepticism are readily apparent. First, many factors influence the award of damages, and these factors are ordinarily heavily fact-intensive and thus not reliable indicators of results in other cases — especially those, such as the present case, in which almost no facts are known.  Second, reliance on published appellate opinions predictably skews the results because appeals are more likely after a large award than a smaller one.  This slant becomes more pronounced when the defendant selectively reports only those published awards favoring its position.